UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACK HOOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01385-TWP-DML |
| | ) | |
| KEN MOSIER and | ) | |
| THE FINER DETAILS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON JURISDICTION

It has come to the Court's attention that the Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of the Defendant The Finer Details LLC.

Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported). "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

The Plaintiff initiated this lawsuit by filing a Complaint that alleges, "Mosier is a citizen of Danville, Indiana, which is in Hendricks County, within the Southern District of Indiana,

Indianapolis Division." (Filing No. 1 at 1.) The Complaint further alleges that "[u]pon information and belief, Mosier was the only Member of The Finer Details LLC. Mosier was also the president and registered agent for The Finer Details LLC." (Filing No. 1 at 2.)

Allegations made upon information and belief are not sufficient to allow the Court to determine whether diversity jurisdiction exists. Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This Supplemental Jurisdictional Statement is due **14 days** from the date of this Entry.

**SO ORDERED.**

Date: 6/17/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net