**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JACK HOOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-01385-TWP-DML |
| | ) | |
| KEN MOSIER, and THE FINER DETAILS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY FOLLOWING DAMAGES HEARING

This matter is before the Court following a damages hearing. On January 12, 2017, Plaintiff Jack Hooper ("Hooper") filed a Second Amended Complaint against Defendants Ken Mosier ("Mosier") and The Finer Details, LLC (collectively, "Defendants"), asserting violation of the Indiana Deceptive Consumer Sales Act, Indiana's Senior Consumer Protection Statute, as well as conversion, fraud, breach of oral contract, breach of written contract, detrimental reliance, unjust enrichment, and piercing the corporate veil. (Filing No. 44.) On March 23, 2017, the Clerk of the Court entered default judgment against Defendants for failure to plead or otherwise defend in this action. (Filing No. 52.) Thereafter, on April 24, 2017, the Court also entered default judgment against Defendants and scheduled an evidentiary hearing on damages. (Filing No. 64.) On Monday, July 31, 2017, the Court held a damages hearing. Hooper appeared by counsels Annavieve C. Conklin and Kathleen Ann DeLaney. Defendants appeared by counsel Gary Marksberry. Hooper alleges damages in the amount of $345,568.10. The Court now makes its findings of fact and conclusions of law concerning Hooper's damages claim.

# I. FINDINGS OF FACT

In 1963, Hooper and his father bought a new 1963 Plymouth Sport Fury ("the Sport Fury"). In 2011, Hooper became interested in having the Sport Fury fully restored so that he could drive it to his fiftieth high school reunion in June 2015. In mid-2011, Hooper communicated with Defendants regarding restoration of the Sport Fury. On August 18, 2011, prior to viewing the Sport Fury, Defendants told Hooper that restorations typically take one year and could cost an estimated $40,000.00 to $50,000.00 to complete. The parties did not enter into a written contract; however, on September 15, 2011, Hooper paid Defendants an initial $4,000.00 deposit to restore the Sport Fury for his fiftieth reunion.

At some point during the restoration process, Defendants learned of latent, unanticipated defects in the Sport Fury, including: the engine did not start and there were holes in the floor pans. After consulting with Hooper, Defendants restored the Sport Fury's floor pans and the engine, among other things. This escalated the costs of restoration. To reduce the increased costs, Defendants lowered their rates from sixty-five dollars per hour to ultimately twenty-five dollars per hour and suggested Hooper buy the parts and materials himself with Defendants' discount. (*See* Hearing Ex. 101.) Between September 15, 2011 and June 1, 2015, Hooper paid Defendants a total of $86,487.00, as well as $13,574.39 for parts and materials. *Id.* Defendants did not complete the Sport Fury's restoration by June 5, 2015, and Hooper was not able to drive the Sport Fury to his fiftieth high school reunion.

Thereafter, on August 5, 2015, Hooper's counsel sent a demand letter to Defendants requesting no further cost to Hooper except for parts necessary to finish restoring the Sport Fury and to deliver the complete car to Hooper on or before October 1, 2015. Defendants informed Hooper that they could no longer restore the Sport Fury without any profit. On October 6, 2015,

Hooper paid $2,000.00 to have the dismantled Sport Fury transported from Defendants' shop in Indiana to Brian's Paint & Body Shop ("Brian's") in Sharpsburg, Georgia. While at Brian's, Chuck Vaughn ("Vaughn")—an engine technician—conducted an engine inspection and determined that the crankshaft in the Sport Fury's engine was in poor quality and the oil pan was not original to the car. Vaugh completely rebuilt the Sport Fury's engine with replacement parts for $4,400.00 and opined that the worth of the engine decreased by $20,000.00 without the original crankshaft and oil pan. Hooper then paid Brian's an additional $37,000.00 to finish restoring the Sport Fury.

Hooper alleges Defendants are liable for: $148,461.39 in actual damages; $148,461.39 in double damages under the Indiana Senior Protection Act; a $5,000.00 civil penalty under the Indiana Senior Consumer Protection Act; and $43,645.32 in attorney fees, which are available under the Indiana Deceptive Consumer Sales Act and the Indiana Senior Consumer Protection Act.

## II.    CONCLUSIONS OF LAW

As an initial matter, Hooper is not entitled to double damages or a civil penalty under the Indiana Senior Protection Act because Defendants did not "knowingly and by deception … obtain[] control over the property of a senior consumer." *See* Ind. Code § 24-4.6-6-4. Hooper willingly permitted Defendants to restore the Sport Fury and continued to pay the costs of restoring the car despite it exceeding the initial estimate of $40,000.00 to $50,000.00.

With respect to the remaining alleged damages, Hooper submitted a summary showing he paid:

1. $86,487.00 to Defendants for restoration expenses;
2. $13,574.39 for parts and materials;
3. $2,000.00 to transport the Sport Fury to Sharpsburg;
4. $4,400.00 to Vaughn for engine inspection and rebuild; and
5. $37,000.00 to Brian's for completing restoration.

(Hearing Ex. 101.) Hooper also alleges $20,000.00 in damages for the decrease in value of his engine without the original parts, offset by $15,000.00—the alleged estimated value of the work actually performed by Defendants. These costs total $148,461.39.

Despite Hooper's contention that Defendants owe $86,487.00 for the amount Hooper paid to restore the car, as well as Hooper's contention that Defendants performed only $15,000.00 worth of work, Hooper did not designate any evidence to dispute that he received the services charged by Defendants. Hooper also testified that the $13,574.39 for parts and materials costs were reasonable. Accordingly, the Court reduces Hooper's alleged damages from $148,461.39 to $48,400.00 because Hooper received the benefit of these expenses. The Court also deducts $7,500.00—the cost to rebuild the engine and the offset of the alleged decrease in value of the engine—because Defendants previously repaired the engine and reinstalled the original crankshaft. Defendants also returned the oil pan that it received from Hooper. Accordingly, the Court concludes that Hooper's actual damages total $40,900.00—the $2,000.00 in transport costs, the remaining engine inspection costs, and the $37,000.00 Hooper paid Brian's to complete the restoration.

Hooper also requests $43,645.32 in attorney fees. Hooper testified that he paid the fees in its entirety and that the fees are reasonable. Defendants did not present any evidence challenging Hooper's contention; accordingly, the Court **grants** Hooper's request for attorneys' fees.

### III. CONCLUSION

For the above reasons, Defendants are liable to Hooper in the amount of $40,900.00 for actual damages and the amount of $43,645.32 for attorneys' fees. Accordingly, **Defendants' total liability to Hooper is $84,545.32**. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 10/12/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Annavieve C. Conklin
DELANEY & DELANEY LLC
ACONKLIN@DELANEYLAW.NET

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Gary Jayson Marksberry
MARKSBERRY LAW OFFICE, LLC
gjm@gjm-law.com